Dear Mr. Ivon:
Please be advised that our office is in receipt of your opinion request wherein you asked:
 Are the constables of First City Court and of Second City Court and their deputies "peace officers" within the meaning of La. C. Cr. P. Article 204 such that they may execute arrest warrants issued by the judges of the Traffic Court of New Orleans, including arrest warrants issued for persons who failed to appear in Traffic Court on state and municipal charges such as violations of La.R.S. 14:98.
Pursuant to La.R.S. 46:1802(7), which provides definitions for the clarification of commonly used terms, constables are included in the list of persons considered "peace officers". It states, "`peace officer' shall include commissioned police officers, sheriffs, deputy sheriffs, marshals, deputy marshals, correctional officers, constables, wildlife enforcement agents, and probation and parole officers."
Further, La. C. Cr. P. Article 204, which deals with execution of warrants, provides:
 The warrant shall be directed to all peace officers in the state. It shall be executed only by a peace officer, and may be executed in any parish by any peace officer having authority in the territorial jurisdiction where the person arrested is found, or by any peace officer having authority in one territorial jurisdiction in this state who enters another jurisdiction in close pursuit of the person arrested.
Comment (a) of Article 204 likewise includes constables as "peace officers" who have the authority to execute warrants within their territorial jurisdiction. Specifically it states, "The term [peace officer] in its commonly accepted sense generally includes sheriffs, deputies, constables, marshals, city police who enforce public peace."
However, more specifically on point is La.R.S. 13:2163. This statute expressly states:
 The civil sheriff for the parish of Orleans and the constables of the First and Second City Courts of New Orleans and their deputies, are hereby granted the powers of peace officers when carrying out the duties of the court, and are authorized to require incarceration of the subject involved in any of the city, parish or state prisons, precinct stations, or houses of detention in the parish of Orleans. They shall be exempt from liability for their actions in the exercise of this power in the same manner and fashion as liability is excluded generally for peace officers of this state and political subdivisions.
This provision reiterates the express power given by the legislature to constables in La. C. Cr. P. Article 204 and La.R.S. 46:1802.
However, this opinion in no way limits the authority of the New Orleans Police Department to perform this same duty. La.R.S. 13:2509 provides:
 The city of New Orleans shall provide suitable facilities, rooms, furniture, equipment and supplies that may be required for the proper functioning of the court and violations bureau thereof; and the New Orleans police department shall assign and detail to the court one or more police officers to keep good order, and execute orders and decrees of the judge, or judges, thereof.
Therefore, it is the opinion of this office that constables are included in the definition of "peace officers" and likewise have the authority to execute warrants as are necessary, including those warrants of New Orleans traffic court.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _________________________ JAMES L. PIKER Assistant Attorney General
JLP/vc/jy
Date Released: November 26, 2001
*1 OPINION NUMBER 83-897
December 13, 1983
77 — OFFICES-LOCAL MUNICIPAL 77-A — STATE OFFICES
A duly appointed secretary of a de facto board is entitled to compensation for services performed in accordance with statute.
R.S. 37:1586; R.S. 37:1588
Mr. J. Trent Williams Undersecretary Department of Commerce P.O. Box 44185 Baton Rouge, Louisiana 70804